Per Curiam.
The rule established by the supreme court of Ohio is that if the evidence tends in any degree to-prove all the facts which it is incumbent on the plaintiff to establish in order to maintain the action she had a right to have the weight and sufficiency of the evidence passed on by the jury. In order to maintain this action it was incumbent on the plaintiff to show that the defendant failed to “exercise the ordinary care and skill of his profession.”
We are required to take the testimony offered for what it tends to prove. We cannot weigh its credibility or ignore it when it is contradictory or disputed by more credible and satisfactory evidence. Yet we think that the most that can be claimed for the testimony of the plaintiff as a witness is that it tends to show that Dr. Havens during his treatment of the plaintiff, was mistaken as to her ailment and condition, and pursued a course (f treatment based on such imperfect understanding and mistaken theory.
This testimony taken for all it tends to prove, we think only shows errors of judgment and want of perfect information.
*892 The most skillful physicians and surgeons commit errors — errors-which appear ludicrous sometimes in the light of subsequent developments — and in no class of cases are these more frequent than in cases involving the first stages of pregnancy.
Errors of judgment and want of perfect information alone do-not establish a liability against a physician for malpractice.
It must be shown in cases like the one at bar that the physician failed to exercise the ordinary care and skill of his profession.
Would a reputable physician in the exercise of the ordinary care- and skill of his profession have had better or fuller information or adopted a safei or better remedy?
The testimony of the physicians called by the plaintiff tends to support rather than condemn the course pursued by the defendant in his treatment of the plaintiff. The physician who had seen the plaintiff during her sickness was called and testified in part from personal knowledge. Other physicians were called as witness who answered hypothetical questions, put in various formato meet the various phases of the plaintiff’s testimony, and this all failed to show anything tending to establish want of due professional care and skill on the part of Dr. Havens in his treatment of the plaintiff, and, therefore, we cannot say the court erred in arresting the evidence from the jury.
There being no error in the record prejudicial to the plaintiff, the judgment of the court of common pleas is affirmed.